People v McDowell (2020 NY Slip Op 01642)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v McDowell

2020 NY Slip Op 01642

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-06796
(Ind. No. 1391/16)

[*1]The People of the State of New York, respondent,
vJames C. McDowell, appellant.

Janet E. Sabel, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel; Marielle Burnett on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew Sciarrino, J.), imposed June 5, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not establish that the defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court mischaracterized the nature of the right to appeal by stating that the defendant's sentence and conviction would be final (see People v Thomas, ___ NY3d ___, 2019 NY Slip Op 08545 *8 [2019]) and the written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal as it did not contain clarifying language that appellate review remained available for select issues (see id.). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court